IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SANTIAGO ARAMBURU,

    Plaintiff,

vs.                                Case No. 09-1367-JTM

MICHAEL J. ASTRUE,
    Commissioner of Social Security,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff Santiago Aramburu has applied for Social Security disability, supplemental security income and widower benefits. His application was partially denied by the ALJ on August 19, 2008, a decision affirmed by the Appeals Council on September 16, 2009. The ALJ found that Aramburu was disabled due to degenerative back disease, along with other impairments, on October 9, 2007, but that he was not disabled prior to that time. There are five allegations of error by Aramburu. First, he contends that the ALJ erred at Step 2 in not finding that he suffered severe impairments due to hypertension, diabetes, and a history of carpal tunnel syndrome. Second, he argues that the ALJ erred in failing to determine the existence of these impairments, or his back impairment, between 1997 and 2007. Third, he argues that the ALJ failed to discuss whether these listed impairments met any

listed impairment. Fourth, he argues that the ALJ's decision is contrary to substantial evidence. Fifth, he argues the residual functional capacity (RFC) adopted by the ALJ was erroneous.

Plaintiff-claimant Aramburu was born in 1984, and applied for benefits on January 16, 2007. He has stated that he became disabled beginning on October 4, 1991. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 20-27), and the brief of Aramburu (Dkt. 6, at 6-11), and set forth *seriatim* in the argument section of the Commissioner's response (Dkt. 11).

The ALJ concluded that Aramburu did not suffer from a severe impairment by December 31, 1997, the date he was last insured for disability benefits. The Commissioner determines whether an applicant is disabled pursuant to a five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant has the initial burden of proof in the first three steps: he must show that he is engaged in substantial gainful activity, that he has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that he cannot return to his former work, the Commissioner has the burden of showing that he can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commissioner's conclusions of law. Applying an incorrect legal standard, or providing the court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

Aramburu argues first that the ALJ erred at Step 2 in failing to find that he suffered severe impairments due to hypertension, diabetes, and a history of carpal tunnel syndrome. Specifically, he contends that the ALJ failed to note the existence of a prior worker's compensation award, and also failed to note the underlying support for that award in the form of the opinions of Dr. Kenneth Zimmerman and Dr. Lawrence Blatty made in connection with the worker's compensation claim. Dr. Zimmerman stated in 1991 that Aramburu had a 6% permanent partial impairment in his upper extremity, Dr. Blatty stated in 1994 that Aramburu had a 16 % permanent partial impairment in his body as a whole. Aramburu also argues that the ALJ erred in failing to properly assess his credibility, and in failing to develop the medical record. He further argues that the ALJ erred in finding he was not credible by focusing on some of his daily activities.

The Commissioner argues that the worker's compensation award is not direct medical evidence of any injury, 20 C.F.R. § 404.1512(b)(5) and is not binding on the Commissioner. *Musgrave v. Sullivan*, 966 F.2d 1371, 1375 (10th Cir. 1992). He further argues that the ALJ did not err in failing to more fully develop the record, in that Dr. Zimmerman has stated that he has no medical records as to Aramburu, and has been unable to find any report by Dr. Blatty in addition to the award itself. (Dkt. 11, at 8). The Commissioner balances the plaintiff's review of his own daily activities (Dkt. 6, at 16-18), with reference to other activities such as bowling and bicycling. (Dkt. 11, at 9-10).

The court finds that remand is appropriate as to the ALJ's decision at Step 2. While the worker's compensation award is not binding, it is nonetheless persuasive evidence of disability, *Thomas v. Weinberger*, 398 F.Supp. 1034, 1036 (D. Kan. 1975), and should have been explicitly addressed by the ALJ. Similarly, the ALJ should have explicitly addressed the impact of the conclusions by Drs. Zimmerman and Blatty. The court does not find that the ALJ erred in failing to more fully develop the record, as it is unclear that any records actually exist which would have assisted in the presentation of Aramburu's claim. However, the ALJ was required to at least discuss the impact of the worker's compensation award, along with the attached medical conclusions, given the very low threshold for finding the existence of an impairment at Step 2. *See Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). On remand, the ALJ may also reassess the claimant's credibility in light of all of the evidence in the case.

Next, as to the WIB and SSI benefits claim, Aramburu argues that the ALJ erred in failing to determine the existence of his impairments of hypertension, carpal tunnel, diabetes, and degenerative back and knee problems between 1997 and 2007. The Commissioner responds that the

record does not show the existence of severe impairments prior to the car wreck which occurred on October 9, 2007, and specifically notes that Aramburu apparently sought no treatment prior to 2003, and made only limited visits afterwards. (Dkt. 11, at 11).

The court finds that a remand as to this issue is required as well. The record reveals that Aramburu made multiple visits to obtain medical treatment for knee and back problems. Those visits indicated the existence of some degenerative knee and back problems. The ALJ stated in conclusory fashion that Aramburu's knee and back problems became severe following the motor vehicle evidence, but the opinion fails to take into account or mention the results from the medical visits in 2003 to 2007. These earlier visits give at least some reason to believe that the impairments were ongoing and pre-exisiting degenerative impairments, and the ALJ was thus required to at least discuss why they became severe only after the motor vehicle accident.

Aramburu has failed to identify, either to the ALJ (Tr. 289-90) or to this court, any particular listed impairments which he might have met. Given that the matter must be remanded for further consideration by the Commissioner, the plaintiff may then present argument as to which listed impairment may be applicable.

Similarly, the court need not separately resolve the plaintiff's argument that the decision as to his non-disability prior to October, 2007 is against the substantial weight of the evidence. The plaintiff takes exception (Dkt. 14, at 13) to the Commissioner's statement that this is "basically a restatement of the argument addressed above." (Dkt. 11, at 12). Nevertheless, the arguments advanced by plaintiff in his rejoinder are indeed basically a repetition of his review of the medical evidence during the 2003-2007 period. But the point remains valid; the ALJ should have fully and separately discussed the evidence from this period, and explained why the motor vehicle accident

suddenly transformed these pre-existing problems into substantial impairments. On remand, the ALJ will address the issue in the context of all of the evidence present in the case.

Finally, Aramburu argues that the residual functional capacity (RFC) adopted by the ALJ was erroneous. The court agrees with the Commissioner that the exact nature of the RFC adopted by the ALJ is irrelevant, as the ALJ proceeded to find that Aramburu was indeed disabled.

IT IS ACCORDINGLY ORDERED this 21st day of March, 2011, that the plaintiff's Appeal is hereby granted, such that the case is hereby remanded to the Commissioner for further proceedings consistent with this opinion.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE